UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Jimmy Earl Matthews,

        Defendant.

Criminal No. 11-164 (JNE/SER)
Civil No. 13-2753 (JNE)
ORDER

A grand jury indicted Jimmy Earl Matthews for interfering with commerce by robbery (Count 1), possessing a firearm during and in relation to a crime of violence (Count 2), and being a felon in possession of a firearm (Count 3). Matthews pleaded guilty to Count 2. At sentencing, the Court granted the government's motion to dismiss Counts 1 and 3. The Court sentenced Matthews to 262 months' imprisonment. He did not appeal. The case is before the Court on Matthews's motion to vacate, set aside, or correct the sentence.[1] *See* 28 U.S.C. § 2255 (Supp. V 2011). Because the record conclusively shows that he is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

*Ineffective assistance of counsel*

Matthews claims that he received ineffective assistance of counsel when his attorney failed to contest whether his prior convictions constituted crimes of violence that subjected him to sentencing as a career offender. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his "counsel's representation fell below an objective

---

[1] After the government had responded to Matthews's § 2255 motion, Matthews moved for an extension of time to submit a reply. Declining to solicit a reply from Matthews, the Court denies his motion. *See Kemp v. United States*, 52 F. App'x 731, 733-34 (6th Cir. 2002); *Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision); *United States v. Moreno*, Crim. No. 11-178, 2013 WL 1104766, at *1 (D. Minn. Mar. 18, 2013) ("[T]he Government's Response does not give the Defendant an automatic right to reply.").

1

standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In assessing the reasonableness of counsel's conduct, a court must apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

In the plea agreement, Matthews agreed that he "was convicted in Hennepin County, Minnesota, of Murder in the Second Degree" in or about 1999 and that, "for sentencing purposes, this is a crime of violence." He also agreed that he "was convicted in Hennepin County, Minnesota, of Aggravated Robbery" in or about 1997 and that, "for sentencing purposes, this is a crime of violence." The parties agreed that Matthews was a career offender and that U.S.S.G. § 4B1.1 applied. The parties explained that Matthews's "stipulation that his two Hennepin County convictions . . . constitute violent felonies is consideration for the Government's agreement to dismiss Counts One and Three of the Indictment." If Matthews disputed whether either conviction constituted a violent felony, of if the Court determined that either conviction did not constitute a violent felony, then the parties agreed that the government was not bound by the plea agreement and that the government could proceed to trial on all counts of the Indictment. If the Court found that Matthews was not a career offender, then the parties agreed that he could withdraw his guilty plea.

At the change-of-plea hearing, the Court asked Matthews whether he understood the agreement that he was a career offender and whether he had enough time to talk his lawyer about it. Matthews responded affirmatively. The Court asked Matthews's lawyer to explain the parties' agreement. His lawyer responded:

2

> One of the big considerations for this plea agreement is that the government agrees not to file the life enhancement. So if I contest any part of his criminal history, the government wants to be able to proceed with the mandatory life enhancement under [18 U.S.C. §] 3559(c) . . . .
>
> So in order to avoid that enhancement, I have agreed that it is -- he does have two prior crimes of violence, and as such, the government has agreed not to file anything, and I won't be challenging the two prior crimes of violence.

After the Court had commented that the two convictions appeared to be crimes of violence, Matthews's lawyer stated, "I did look at the plea transcripts and made sure they were within the time limits, so I have researched both of his prior convictions." Later, the Court noted that it was "highly unlikely," given the nature of Matthews's two prior convictions, that he would not be found to be a career offender. The Court ultimately sentenced him as a career offender.

Matthews has not demonstrated that his attorney's performance was deficient. *See King v. United States*, 595 F.3d 844, 852-53 (8th Cir. 2010). His attorney's decision not to challenge whether the two prior convictions constituted crimes of violence avoided a potential life enhancement. Moreover, Matthews has not demonstrated that he was prejudiced by the alleged deficiency. The convictions do constitute crimes of violence. Matthews's arguments to the contrary are not persuasive.

With respect to his conviction for aggravated robbery, he claims that his civil rights were "automatically restored." But he has not shown that his civil rights were actually and effectively restored, *see United States v. Sonczalla*, 561 F.3d 842, 844 (8th Cir. 2009); his civil rights were not actually and effectively restored, *see* Minn. Stat. § 624.713, subd. 1 (2012) (amended 2013); *Sonczalla*, 561 F.3d at 844-45; and the conviction was properly counted as a prior felony conviction for a crime of violence, *see United States v. Chapman*, No. 15-1552, 2013 WL 6017337, at *1 & n.2 (8th Cir. Nov. 14, 2013) (per curiam) ("We further conclude that Iowa's restoration of Chapman's civil rights following the discharge of his sentence on the controlled-

substance offense does not immunize the controlled-substance sentence from receiving criminal history points."); *United States v. Gonzalez*, 93 F. App'x 101, 102 (8th Cir. 2004) (per curiam).

As to the conviction for second-degree murder, Matthews claims that it is not a crime of violence because it is not listed in Minn. Stat. § 624.712, subd. 5 (2012). The premise of Matthews's argument is incorrect: Minnesota's second-degree murder statute, Minn. Stat. § 609.19 (2012), does appear in section 624.712's definition of "crime of violence." In any case, as the Court previously concluded, Matthews's conviction for second-degree murder is a crime of violence.[2]

In short, Matthews has not shown that attorney's performance was deficient. Nor has he shown prejudice from any alleged deficiency. The Court rejects his claim of ineffective assistance of counsel based on his attorney's failure to challenge whether his prior convictions constituted crimes of violence that subjected him to sentencing as a career offender.

*Tenth Amendment*

Matthews asserts that the government's prosecution of him for interfering with commerce by robbery in violation of the Hobbs Act violated the Tenth Amendment and that, without the underlying violation of the Hobbs Act, he could not have been charged with or convicted of possession of a firearm during and in relation to a crime of violence. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Thus, a petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 1294 (2013). Matthews did not raise this issue on appeal, and he has not demonstrated that it may be

---

[2] Matthews also claimed that he was "convicted of a violation of Minn. Stat. § 609.19, subd. 2(1), while allegedly attempting to purchase a fifty dollar package of marijuana." In state court, Matthews admitted that he was going to rob the victim.

4

considered now. *See id.* at 763 (explaining that a procedural default may be excused by either a demonstration of cause and prejudice or a demonstration of actual innocence). In any case, Matthews's claim has no merit. *See United States v. Perkins*, 342 F. App'x 403, 412 (10th Cir. 2009); *United States v. Dobbs*, 449 F.3d 904, 912 (8th Cir. 2006); *United States v. Capozzi*, 347 F.3d 327, 336 (1st Cir. 2003); *United States v. Einfeldt*, 138 F.3d 373, 379 (8th Cir. 1998); *United States v. Bailey*, 990 F.2d 119, 126 (4th Cir. 1993); *United States v. Jarrett*, 705 F.2d 198, 203 (7th Cir. 1983).

### *Defective indictment*

Matthews claims that his conviction for possession of a firearm during and in relation to a crime of violence is void because the indictment is defective. According to Matthews, the indictment is defective because it failed to allege that he had "brandished" a firearm. Matthews argues the defective indictment left the Court without jurisdiction to accept his guilty plea. Matthews did not raise this claim on appeal, and he has not demonstrated that it may be considered now. *See Jennings*, 696 F.3d at 763. In any case, the claim has no merit. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); *cf. United States v. Redd*, No. 13-2971, 2013 WL 5911428, at *3 (2d Cir. Nov. 5, 2013) (stating that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "did not announce a new rule of law made retroactive on collateral review"). Moreover, in the plea agreement and at the change-of-plea hearing, Matthews admitted that he had brandished the firearm. The Court rejects this claim.

### *Conclusion*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court

5

cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Matthews has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Matthews's § 2255 motion [Docket No. 32] is DENIED.

2. Matthews's motion for extension of time to reply [Docket Nos. 37 & 38] is DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 27, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge